UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAUREL L. MURZYNSKI, individually, as Administrator of the Estate of MASON MURZYNSKI, and as Administratrix of the Estate of MARK MURZYNSKI, | ) ) ) ) ) ) | CASE NO. 1:15-cv-00195-BR |
| *Plaintiff*, | ) ) ) ) ) ) ) ) | MEMORANDUM OPINION DENYING THE MOTION TO DISMISS BY DEFENDANTS STAIRWAYS BEHAVIORAL HEALTH, SARAH PARTON, ANDREA ZEIBER, STACEY PETRUSO, AND FRANK QUINN |
| *v.* | ) ) | |
| ERIE COUNTY, *et al.*, | ) ) | |
| *Defendants*. | ) ) | |

## I.   INTRODUCTION

This case concerns the jailhouse suicide of twenty-two year old Mason Murzynski. Plaintiff Laurel Murzynski brings this action against multiple Defendants individually, as Administrator of the Estate of Mason Murzynski, and as Administratrix of the Estate of Mark F. Murzynski. The Defendants are as follows: Erie County; Warden R. Kevin Sutter and Deputy Warden Michael Holman; Corrections Officers Julie Kaliszewski, Corporal Norfolk, John Rossi, Kevin Beil, and David Black (collectively, "Corrections Officers"); the prison's medical services provider, Wexford Health Sources, Inc. ("Wexford"); Wexford's Medical Director, Dr. Gary Peterson ("Peterson"); Wexford Employees Meghan Lininger, Nicole Kilbane, Michelle Hetrick, Adele Burnett, Marjo Passamonte, Jennifer Harvey, and Michelle Thomas (collectively, "Wexford Employees"); the prison's mental health provider, Stairways Behavioral Health ("Stairways"); and Stairways Employees Sarah Parton, Andrea Zeiber, Stacey Petruso, and Frank Quinn (collectively, "Stairways Employees"). Plaintiff asserts violations of the Eighth and Fourteenth Amendments

1

pursuant to 42 U.S.C. § 1983 against all Defendants, and state law claims of medical and corporate negligence against Defendants Wexford and Stairways. All Defendants moved to dismiss Plaintiff's Second Amended Complaint for failure to state a claim. Presently before the Court is the Motion to Dismiss by Defendants Stairways and Stairways Employees. (Doc. No. 85). Having reviewed the parties' briefs and all other relevant material properly before the Court, the Court will DENY Defendants' Motion to Dismiss. The Court's reasoning follows.

## II. STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In deciding whether a complaint states a plausible claim for relief, "'all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them.'" *McTernan v. City of York, Pa.*, 577 F.3d 521, 526 (3d Cir. 2009) (quoting *Schrob v. Catterson*, 948 F.2d 1402, 1408 (3d Cir. 2004)).

In addition, the Court recognizes that plaintiffs alleging civil rights claims, like Plaintiff here, face a unique difficulty in obtaining the necessary factual details to plead their case. *See Colburn v. Upper Darby Tp.*, 838 F.2d 663, 667 (3d Cir. 1988) ("*Colburn I*") ("In reviewing the sufficiency of civil rights complaints, we cannot avoid noting the difficulty plaintiffs and their counsel may have in attempting to accommodate the court's requirement of factual specificity with amended Fed. R. Civ. P. 11."). Even more, prison suicide cases, such as the instant action, are

notably challenging for plaintiffs given that the inmate is dead, the investigation is typically not public, and discovery likely resides in defendants' exclusive control. *See id*. The Court's analysis will take these factors into account as it evaluates Plaintiff's Second Amended Complaint.

### III. BACKGROUND[1]

The following recitation assumes all facts in favor of Plaintiff. On November 12, 2014, Mason Murzynski was admitted to Erie County Prison having been sentenced for failure to pay fines. (Doc. No. 57, ¶¶ 37-38). That day, Defendant Julie Kaliszewski, a corrections officer, conducted Mason's initial intake and documented his past mental health history, recent suicidal ideations, and heroin withdrawal. (*Id.* ¶ 39). Defendant Corporal Norfolk, Kaliszewski's supervisor, also participated in Mason's intake. (*Id.* ¶ 40). Following Mason's initial intake, Defendant Meghan Lininger, a Wexford employee, medically evaluated Mason for his heroin withdrawal. (*Id.* ¶ 43). Lininger concluded that Mason was not a suicide risk, yet noted that he was under the influence during her questioning and that he had undergone outpatient mental health treatment in the past. (*Id.*). Lininger placed Mason on a drug and alcohol watch. (*Id.*).

The following day, November 13, 2014, the Honorable Magistrate Judge Mark R. Krahe contacted the prison and spoke to Edward Wilson, a prison official. (*Id.* ¶¶ 45-46). Magistrate Judge Krahe informed Wilson that Mason, at his sentencing, had threatened to kill himself. (*Id.*). According to prison records, Wilson notified the prison's mental health department about Magistrate Judge Krahe's call, and gave copies of commitment paperwork directly to Defendant

---

[1] Defendants attach the Affidavit of Richard A. Lanzillo and accompanying exhibit to its Motion to Dismiss. (Doc. No. 85-2). Lanzillo's Affidavit presents a different factual account than Plaintiff's Second Amended Complaint. On June 2, 2016, Plaintiff moved to strike Defendants' Motion to Dismiss in its entirety for attaching Lanzillo's Affidavit and accompanying exhibit. (Doc. No. 92). Given that "all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiff[]," *McTernan*, 577 F.3d at 526, the Court need not resolve factual discrepancies at this stage. The Court, however, will not strike Defendants' Motion to Dismiss in its entirety. The Court GRANTS Plaintiff's Motion to Strike IN PART, striking only the Affidavit of Richard A. Lanzillo and its accompanying exhibit.

David Black, a corrections officer. (*Id.* ¶ 46). According to Plaintiff, despite receiving this information, Defendants Stairways and Stairways Employees failed to conduct adequate mental health assessments of Mason and failed to place him on a Level I Suicide Watch. (*Id.* ¶¶ 49-51). Again, according to Plaintiff, Defendants Wexford and Wexford Employees also received the information from Magistrate Judge Krahe but evaluated Mason only for his opiate withdrawals. (*Id.* ¶ 53). Ultimately, Mason was not placed on a Level I Suicide Watch. (*Id.* ¶ 59). Rather, Mason was placed on the B cell block, which Defendants John Rossi and Kevin Beil, corrections officers, were responsible for monitoring. (*Id.* ¶¶ 62, 65). On November 15, 2014, Mason hung himself with the strings of his laundry bag. (*Id.* ¶ 69).

Plaintiff initiated this action on August 5, 2015. (Doc. No. 1). On May 13, 2016, Plaintiff filed a Second Amended Complaint. (Doc. No. 57). On May 27, 2016, Defendants Stairways and Stairways Employees moved to dismiss Plaintiff's Second Amended Complaint. (Doc. No. 85).

### IV. ANALYSIS

*A. Plaintiff's 42 U.S.C. § 1983 Claims.*

Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff "must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged

deprivation was committed by a person acting under color of state law." *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996) (internal quotation marks omitted).[2]

In a § 1983 action, courts must first "identify the exact contours of the underlying right said to have been violated." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998). Here, as discussed above, Plaintiff brings § 1983 claims alleging violations of the Eighth and Fourteenth Amendments; that is, Plaintiff alleges that Defendants violated Mason's (1) substantive right to be free from cruel and unusual punishment and to be free from punishment prior to adjudication without due process of law under the Eighth and Fourteenth Amendments, respectively; (2) right to procedural due process under the Fourteenth Amendment; and (3) substantive constitutional rights under the Fourteenth Amendment.

Plaintiff's § 1983 claims will be analyzed under the Eighth Amendment. *See United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997) ("[I]f a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process."). To state a cognizable claim under the Eighth Amendment, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The meaning of "deliberate indifference," however, varies according to its application to particular defendants.

1. Plaintiff's 42 U.S.C. § 1983 Claim against Defendant Stairways (Count VIII(a)).[3]

The Court examines Plaintiff's § 1983 claim against Stairways under municipal liability

---

[2] Defendants Stairways and Stairways Employees do not contest that they were acting under color of state law. Accordingly, the Court only examines whether Defendants violated Mason's constitutional rights.

[3] For clarity, the Court labels the § 1983 claim against Defendant Stairways as Count VIII(a) and the § 1983 claims against Defendant Stairways Employees as Count VIII(b).

5

standards. *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-86 (3d Cir. 2003) (analyzing § 1983 claim against prison's medical services provider under municipal liability rubric). A municipality is liable under § 1983 "when a plaintiff can demonstrate that the municipality itself, through the implementation of a municipal policy or custom, causes a constitutional violation." *Colburn v. Upper Darby Tp.*, 946 F.2d 1017, 1027 (3d Cir. 1991) ("*Colburn II*") (citing *Monell v. N.Y. City Dep't of Social Servs.*, 436 U.S. 658, 691-95 (1978)). In *Natale v. Camden County Correctional Facility*, the Third Circuit defined the terms "policy" and "custom," stating:

> A policy is made when a decisionmaker possessing final authority to establish municipal policy with respect to the action issues a final proclamation, policy or edict. A custom is an act that has not been formally approved by the appropriate decisionmaker, but that is so widespread as to have the force of law.

318 F.3d at 584 (internal quotation marks and citations omitted). The "three situations where acts of a government employee may be deemed to be the result of a policy or custom of the governmental entity for whom the employee works, thereby rendering the entity liable under § 1983," are as follows:

> The first is where the appropriate officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy. The second occurs where no rule has been announced as policy but federal law has been violated by an act of the policymaker itself. Finally, a policy or custom may also exist where the policymaker has failed to act affirmatively at all, though the need to take some action to control the agents of the government is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need.

*Id.* (internal quotation marks and citations omitted).

In Count VIII(a), Plaintiff alleges that Defendant Stairways, pursuant to multiple practices and customs, was deliberately indifferent to Mason's serious medical needs, and thus violated his Eighth Amendment rights. (Doc. No. 57, ¶¶ 155(a)-(p)). Specifically, Plaintiff avers that

6

Defendant Stairways effectuated a policy that resulted in the inadequate supervision of inmates with serious medical and mental health issues; failed to ensure that proper procedures were in place for personnel to identify and protect inmates with suicidal vulnerabilities; and failed to train, supervise, and discipline staff in the identification and protection of inmates with suicidal vulnerabilities. (*Id.*). In response, Defendant Stairways argues that Plaintiff fails to sufficiently plead a municipality liability claim because Plaintiff does not allege the following: (1) an underlying constitutional injury at the hands of an individual employee; (2) the existence of a policymaker for the purportedly unlawful policies; and (3) the requisite state of mind for a "deliberate indifference" claim. (Doc. No. 85-1, at 14-17).

The Court is not persuaded by Defendant's arguments. The Court has already made clear that any disputed facts must be resolved in favor of Plaintiff. While the Court acknowledges that Plaintiff does not describe in detail Defendant's improper policies or customs or identify a policymaker, at this stage of the case, Plaintiff is not in the position to present the requisite factual details to fully plead her claim. *See, e.g.*, *Colburn I*, 838 F.2d at 667. Accordingly, the Court finds that this issue cannot be dismissed but rather must proceed to discovery. *See, e.g.*, *Ponzini v. Monroe Cnty*, 897 F. Supp. 2d 282, 292 (M.D. Pa. 2012) (denying motion to dismiss against municipal defendants despite lack of factual specificity regarding defendants' policies or customs).

2. Plaintiff's 42 U.S.C. § 1983 Claims against Defendants Stairways Employees in their Official Capacities (Count VIII(b)).

Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. N.Y. City Dep't of Social Servs.*, 436 U.S. 658, 690 n.55 (1978). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also Will v. Michigan Dep't of*

7

*State Police*, 491 U.S. 58, 71 (1989) (A suit against "a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.").

Thus, Plaintiff's official-capacity claims against Defendants Stairways Employees are equivalent to Plaintiff's claim against Defendant Stairways. Accordingly, the reasoning set forth in the preceding section applies, and Plaintiff's official-capacity claims against Defendants Stairways Employees are permitted to proceed. *See, e.g.*, *Owens v. City of Phila.*, 6 F. Supp. 2d 373, 387 (E.D. Pa. 1998) (merging § 1983 claims against City with official-capacity claims against prison officials).

3. Plaintiff's 42 U.S.C. § 1983 Claims against Defendants Stairways Employees in their Individual Capacities (Count VIII(b)).

In Count VIII(b), Plaintiff brings individual-capacity claims against Defendants Stairways Employees. In order to establish a violation of Mason's constitutional right to adequate medical care, "evidence must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale*, 318 F.3d at 582.

In *Farmer v. Brennan*, 511 U.S. 825, 837 (1994), the Supreme Court defined "deliberate indifference" more precisely. Specifically, the Court held that "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." *Id.* In *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001), the Third Circuit explained the *Farmer* holding, stating that the "knowledge element of deliberate indifference is subjective, not objective." The Third Circuit continued, "subjective knowledge on the part of the official can be proved by circumstantial evidence to the effect that the excessive risk was so obvious that the official must have known of the risk." *Id*.

In Count VIII(b), Plaintiff alleges that Defendants Stairways Employees knew of Mason's suicidal vulnerabilities and took no action to protect Mason. (Doc. No. 57, ¶¶ 167(a)-(m)). In support of this allegation, Plaintiff pleads as follows: (1) Mason's mental health treatment history was documented during the intake process; (2) On November 13, 2014, Magistrate Judge Krahe contacted the Erie County Prison to inform staff that Mason threatened to kill himself, and Edward Wilson, a prison official, transmitted that information to Defendants Stairways and Stairways Employees; and (3) Mason was not placed on Level I Suicide Watch thereafter. (*Id.* ¶¶ 39, 43, 46 & 59). In response, Defendants Stairways Employees argue that Plaintiff fails to satisfy the elements of a prison suicide case. Particularly, Defendants contend that Plaintiff fails to establish that Mason had a particular vulnerability to suicide and that individual employees knew or should have known of that vulnerability. (Doc. No. 85-1, at 9-13). Furthermore, Defendants Stairways Employees claim that intake records directly refute the purported suicide threat. (*Id.* at 13-14).

In response to Defendants' arguments, and as mentioned previously, the Court accepts as true the facts alleged in Plaintiff's Second Amended Complaint and draws all inferences in Plaintiff's favor at this preliminary stage. Therefore, the Court determines that Plaintiff sufficiently pleads enough facts to show a plausible claim for relief.

    B. *Plaintiff's State Law Claims.*

        1. <u>Plaintiff's Medical Negligence Claim against Defendant Stairways (Count IX).</u>

It is well settled that an employer may be held "'vicariously liable for the negligent acts of his employee which cause injuries to a third party, provided that such acts were committed during the course of and within the scope of employment.'" *Scampone v. Grane Healthcare Co.*, 11 A.3d 967, 991 (Pa. Super. Ct. 2010) (quoting *Sutherland v. Monongahela Valley Hosp.*, 856 A.2d 55, 62 (Pa. Super. Ct. 2004)).

In Count IX, Plaintiff brings a claim of medical negligence, alleging that Defendant Stairways, through Defendants Stairways Employees, failed to: (1) identify Mason as a suicide risk; (2) order that Mason be placed on suicide watch; (3) review Mason's initial intake records; (4) obtain and review Mason's past mental health records; (5) consult with Mason's mental health providers; and (6) conduct a proper mental health evaluation. (Doc. No. 57, ¶¶ 179(a)-(i)). In response, Defendant Stairways first argues that Plaintiff fails to plead sufficient facts to state a plausible claim for relief. (Doc. No. 85-1, at 8).

The Court disagrees. Plaintiff pleads that Mason's mental health history was documented during the intake process, (Doc. No. 57, ¶¶ 39, 43), that Magistrate Judge Krahe called the prison after Mason threatened to kill himself during sentencing, (*id.* ¶ 46), and that Defendant Stairways received that information yet did not place Mason on a Level One Suicide Watch, (*id.* ¶¶ 49, 59). Assuming these facts to be true, as the Court must do on a motion to dismiss, the Court cannot say as a matter of law that Defendant Stairways is not vicariously liable for medical negligence.

In addition, Defendant Stairways contends that Plaintiff's state-law claim is barred by the Pennsylvania Political Subdivision Tort Claim Act ("PSTCA"), 42 Pa.C.S. § 8541 *et seq.*, and the Mental Health Procedures Act ("MHPA"), 50 P.S. § 7101 *et seq*.

*a. Pennsylvania Political Subdivision Tort Claim Act.*

PSTCA provides, in pertinent part, that "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa.C.S. § 8541. Plaintiff argues that the PSTCA is inapplicable here because Defendant Stairways is an independent contractor. (Doc. No. 108, at 18). Defendant disagrees, arguing that Stairways was acting on behalf of a governmental entity,

10

and thus falls within the scope of the PSTCA. (Doc. No. 115, at 7). Under the PSTCA, employee is defined as:

> Any person who is acting or who has acted on behalf of a government unit whether on a permanent or temporary basis, whether compensated or not, and whether within or without the territorial boundaries of the government unit, including any volunteer fireman and any elected or appointed officer, member of a governing body or any other person designated to act for the government unit. *Independent contractors under contract to the government unit and their employees and agents and persons performing tasks over which the government unit has no legal right of control are not employees of the government unit.*

42 Pa.C.S. § 8501 (emphasis added). To determine whether an employer-employee relationship or an independent-contractor relationship exists, the Court must analyze several factors, including:

> (i) who controls the manner of work to be performed; (ii) the responsibility for the result; (iii) the terms of agreement between the parties; (iv) the nature of the work or occupation; (v) the skill required for the performance; (vi) whether one is engaged in a distinct occupation or business; (vii) which party supplies the tools; (viii) whether payment is by the time or by the job; (ix) whether the work is part of the regular business of the employer; and (x) whether there is a right to terminate the employment at any time.

*In re Estate of Francis v. Northumberland Cnty.*, 636 F. Supp. 2d 368, 389-90 (M.D. Pa. 2009) (citing *Higby Dev., Inc. v. Sartor*, 954 A.2d 77, 85 (Pa. Commonw. Ct. 2008)). The Court finds it premature to engage in this fact-bound inquiry at the motion to dismiss stage, and therefore determines that Plaintiff's claim cannot be dismissed but rather must proceed to discovery.

### b. Mental Health Procedures Act.

The MHPA "establishes rights and procedures for all involuntary treatment of mentally ill persons, whether inpatient or outpatient, and for all voluntary inpatient treatment of mentally ill persons." 50 P.S. § 7103. The MHPA is wholly inapplicable to the present case. No proceedings for the involuntary examination or treatment of Mason were instituted while he was incarcerated. *See, e.g.*, *Herman v. Cnty. of York*, 482 F. Supp. 2d 554, 567-68 (M.D. Pa. 2007) (finding MHPA inapplicable when evidence failed to show that prison instituted proceedings "for the involuntary

examination and/or treatment" of inmate). And, Mason's interviews with Defendants Stairways Employees did not constitute voluntary inpatient treatment because they occurred as a result of his incarceration. *Id.* (finding that inmate's interactions with health staff did not constitute voluntary treatment because treatment was a result of incarceration). Accordingly, Plaintiff's state-law claim of medical malpractice is not barred.

2. Plaintiff's Corporate Negligence Claim against Defendant Stairways (Count XI).

In Count XI, Plaintiff asserts a corporate negligence claim, alleging that Defendant Stairways failed to: select and retain competent physicians and staff; formulate policies that identify and treat inmates with suicidal vulnerabilities; and properly hire, train, and supervise its employees. (Doc. No. 57, ¶¶ 185(a)-(g)). The Pennsylvania Supreme Court first recognized the doctrine of corporate negligence in a case holding that a hospital may be directly liable if it fails to uphold the proper standard of care. *Thompson v. Nason Hosp.*, 591 A.2d 703, 708 (Pa. 1991). Following this decision, lower Pennsylvania courts have extended the doctrine of corporate negligence to healthcare entities other than hospitals. *See, e.g.*, *Hyrcza v. W. Penn Allegheny Health Sys., Inc.*, 978 A.2d 961, 982 (Pa. Super. Ct. 2009) (finding that corporate negligence extends to medical professional corporations); *Shannon v. McNulty*, 718 A.2d 828, 836 (Pa. Super. Ct. 1998) (extending corporate negligence to an HMO). *But see Sutherland v. Monongahela Valley Hosp.*, 856 A.2d 55, 61-62 (Pa. Super. Ct. 2004) (refusing to extend corporate negligence to a physician's office).

In *Scampone v. Highland Park Care Center, LLC*, the Pennsylvania Supreme Court clarified its holding in *Thompson*, explaining that the "key to the Court's analysis was the *relationship* between hospital and patient." 57 A.3d 582, 606 (Pa. 2012) (emphasis added). According to the *Scampone* Court, the proper inquiry to determine whether an entity is subject to

12

the doctrine of corporate negligence is not whether the entity is a hospital or like a hospital, but rather whether a duty of care exists between the entity and the injured person. *Id.* at 605. To answer that inquiry, the *Scampone* Court instructs lower courts to apply Section 323 of the Restatement (Second) of Torts. *Id.* at 606.

Applying *Thompson* and *Scampone*, the Court finds that a duty of care exists between Defendant Stairways and Mason. Section 323 of the Restatement provides, in pertinent part, that one who "render[s] services to another which he should recognize as necessary for the protection of the other's person . . . is subject to liability . . . for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if his failure to exercise such care increases the risk of such harm." Restatement (Second) of Torts § 323(a). In the instant action, Defendant Stairways "renders services" that are "necessary for the protection" of inmates at the Erie County Prison. Failure to exercise reasonable care in performance of those services "increases the risk of [physical] harm" to inmates. Accordingly, the Court finds that the doctrine of corporate negligence extends to a prison's mental health services provider, such as Defendant Stairways.

Once the Court finds a duty of care, the Court must evaluate the sufficiency of Plaintiff's corporate negligence claim. The elements of a corporate negligence claim are as follows: (1) the corporate entity had actual or constructive knowledge of defects or procedures that created the alleged harm; and (2) the corporate entity's negligence was a substantial factor in bringing about the alleged harm to the injured party. *Thompson*, 591 A.2d at 708.

Defendant Stairways contends that Plaintiff fails to allege the elements of a corporate negligence claim. (Doc. No. 85-1, at 7-8). The Court disagrees. Plaintiff alleges that prior inmates lacking Suicide Watch have successfully committed suicide at the Erie County Prison, (Doc. No. 57, ¶ 64), that Mason's mental health history was documented during the intake process, (*id.* ¶¶ 39,

43), and that Magistrate Judge Krahe's call regarding Mason's suicidal threats was transmitted to Defendant Stairways, (*id.* ¶ 46). Such facts suggest that Defendant Stairways may be liable for corporate negligence. *See Thompson*, 591 A.2d at 709 (finding hospital may have been negligent in supervising the quality of care when staff were aware of patient's condition yet did nothing).[4]

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. The Court **DENIES** the Motion to Dismiss by Defendants Stairways Behavioral Health, Sarah Parton, Andrea Zeiber, Stacey Petruso, and Frank Quinn, (Doc. No. 85); and

2. The Court **GRANTS** Plaintiff's Motion to Strike **IN PART**, (Doc. No. 92). The Court strikes the Affidavit of Richard A. Lanzillo and accompanying exhibit, (Doc. No. 85-2).

**IT IS SO ORDERED.**

Dated: October 7, 2016

_[signature: Barbara J. Rothstein]_

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE

---

[4] Defendant Stairways additionally argues that PSTCA and MHPA bar Plaintiff from asserting her corporate negligence claim. The Court applies the same reasoning in the preceding section to find that Plaintiff's corporate negligence claim is not barred.